All right, we're ready to hear argument in our third case Weber vs. Department of Veterans Affairs Mr. Day whenever you're ready Thank You Good morning May it please the court With the court's permission. May I remove my mask? you may When you're arguing you may remove your mask Thank you The question in this case is not what the VA Could have done. It's what they would have done absent dr. Weber's protected activity One of the particular points that the judge below in the VA and its arguments makes is that Appellant that decision Weber was there during her probationary periods as a matter of logic and as a matter of law The probationary period is irrelevant and I would particularly direct your attention To Whitmore at 680 F 3rd 1374 The strength of the evidence supporting those allegations does not turn on the procedural protections to which the appellant was entitled this is consistent with the Overwhelmingly important emphasis that both the legislative branch Has repeatedly placed on the protection of whistleblowers and in fact that the Secretary of Veterans Affairs Himself Emphasized at the town hall meeting. When was the first protected disclosure in your view? the first protected disclosures Began very early in dr. Weber's Tenure as I believe the record reflects She repeatedly addressed concerns to both right? When was What can you put a? Actual time frame on very early. Was it June 2017? You know, I would say it was before June 2017 because June 2017 because issues document Concerns or issues about her work began to be documented in February to April of 2017 did her protected activity Occur before after that the foot just the first Believe it occurred simultaneously your honor. And in fact, however, it's important to note that both Michelle Cook and Dr. Mann Admitted on the stand that in fact, they did not document the alleged complaints against. Dr. Weber this is remarkable indeed Extraordinary in the federal government, right? They didn't document All of them for sure, but they did document some just not everything that they Say occurred, well, you're correct. No, I would argue that I mean they did document some I'm actually sort of helping you trying to help you here They did document some but not Not enough in your view absolutely not Enough your honor and in particular If you go back to Whitmore Where the opponent prevailed the the opponent in that case actually threatened to punch His supervisor that seems to be extreme misconduct. There's only one instance of misconduct It's it's commonly understood That Whistleblowers almost by definition are not quote team players If they were team players, they would not be speaking out about your problems in the workplace So I'm a little confused by that I mean, uh, I guess I understand what you're saying but Are you saying? That if the evidence were to support a Decision to terminate or not renew employment or whatever based on evidence that An employee was not a team player and they that was you know, there was compelling evidence of that Are you saying that the whistleblower protection would just obviate that that's not a valid reason I'm not saying exactly that your honor because I would Add that in this case and also in cases such as Whitmore the protected activity and the alleged Not cooperating or lack of being a team player were the same Whitmore the Appellant was directly challenging his supervisors A record. Yeah leave in this case It's different, right? All right. It's different here No, I don't think so your honor because you're saying that the the at least from the VA's Perspective the team player comment is all tied to the protected activity. I would say overwhelmingly times the Activity the one Potential exception here and the one that allegedly kicked off the action was the incident with or the alleged incident with Christie and Cook in that instance The judge failed number one to do a thorough analysis of the credibility Miss Booker the likelihood that She would be believed and in fact the record Evidence is that You know her story that in fear of her life She crossed the parking lot discussing matters with dr. Webber when she had a cell phone. She got out of her car She walked across the parking lot. She walked up to her office. She went into her office She never cried for help. She never called for help That all this time she was in fear of her life That is totally uncredible, but you know, we can't make credibility determinations, right? Your honor, I would say in general credibility determinations are not reviewable, however Nevertheless, I would argue that a failure on the part of the judge to apply Relevant criteria under the Helen Act and a failure to consider the evidence that is contradictory or inconsistent with The testimony that that in fact would be reviewable Despite the general Principle that demeanor evidence is unreviewable Yes, sir Could I I'm just trying to kind of back up and unrelated to the facts I want to make sure we're as clear as we can be on on our standard of review here You we have this combination of the initial obligation on the VA To prove that they would have terminated Your client regardless of the protected activity by clearing convincing evidence And then we review that based for substantial evidence so how Yeah, I'm familiar. I think with the Miller case from the Federal Circuit that kind of talks about them as in a way that doesn't Clarified a whole lot other than saying it just means maybe more than there would be if it was not clear and convincing What's your position on how do we how do we do that? How do we look at? Substantial evidence in the context of initial burden that's clear and convincing wait First of all, I do believe you need to analyze What the evidence is that clear and convincing was met We submit that the evidence is Gossamer thin in this case is what got some earth thin Thread that the clear and convincing Standard was met it just doesn't pass the last test They had the evidence or that that man was not motivated. And in fact the judge below flips the standard for car factor 3 by suggesting that it's up to the appellant to Prove that there was there were no comparators and that that other people of misconduct Can I just ask you to address and I do fully understand who has what burden at this stage? But you know the the department is coming in and saying, you know, this is a probationary employee and she was terminated Because it was a bad fit in part because she allegedly tried to run over her car co-worker in the parking lot and then the Foley report documented some substantial workplace issues. So what is the best record evidence in your view that no Actually, she was terminated because of her disclosures at the town hall and at the Blackburn meeting and I understand who has the burden here But I'm just asking you to address as a matter of sort of like common sense What is the record evidence that that's why she was terminated? Um Your honor with your permission May I just very briefly complete my answers? I didn't understand. I was cutting you off. Of course Not at all. Your honor. What did he answer your question to your satisfaction judge? I'm fine So let's answer judge Harris's question and then come back to this. Okay mom Want to Apply so You know as I understand it Just come back to you asking for our best evidence. In fact, it was the protected Activity Looking back To the To the car factors and what in fact the agency It's required to prove the show. We are not proving. I know I know I Tried to be really clear about this. I do understand. You don't have who has what bird? But I am just really struggling with this question because they have attempted to meet their burden by saying look she allegedly Tried to run over her co-worker. We had to have a whole investigation We did have that investigation and it surfaced at least some Substantial workplace issues regarding your client and that is why she was terminated I guess I'm just asking you as a matter of like the facts in this record and as a matter of common sense What's the is there some evidence that no, that's not what happened? Yes, sir. Okay, great. Clearly there is wonderful First of all to go back to dr. Foley's report and dr. Foley's conclusion. Dr. Foley did not recommend Dr. Webber's termination. The only thing dr. Webber recommended was that the two of them not be in the same supervisory line the criticisms of dr. Webber Remotely on the line that she was too concerned with matters of clinical competence Particularly someone who's brought in when a reformer it seems hard to believe that that really is something that should be brought against her There was no action taken on the all these alleged Problems until Miss Cook surface or concerns It's no way that well Dr. Foley did make a mention of Miss Cook's competence. It was competence to do case planning It was administrative functions. He did not say she was coming The thing you said before that was that no action was taken until after the protected disclosures, right? So there's like a timing thing you're relying on Yes, sure. Okay. So this is I will say this is one of the things that troubles me about this case It is true that these actions came close in time to the disclosures But they did also come even closer in time to sort of what you might think of as an intervening event the Incident in the parking lot and then the Foley report and so I'm having To me that sort of complicates the picture and I don't know whether that falls under prima facie case or rebuttal but While it is true that there is a proximity in time between the disclosures and the termination There was also a proximity in time between the alleged Episode in the parking lot and then the Foley report and the termination So, I don't know how much weight I can put on the temporal proximity here you know, and I think that That particularly goes to the question of motivation It's it's there's a clear contradiction between the fact that judge finds as a contributing factor and then he says, oh Well, it's not really a motivating factor and the way he's trying to align that As he cites this broad standard ignores the fact that this was criticism of man that was Personal it was also professional to the reputation of his departments in his agency Dr. Webber falls after she stands up in a town hall meeting. She says mr. Secretary should we be bolder? And then afterward she meets With man's knowledge with a number two in the department She arranges with him at that time to go with her colleague to talk to the number two in the part In the apartment the judge credits. Dr. Webber's testimony and corroborated by dr. Harrison's they just ripped dr. Mann Council I'm sorry, were you suggesting that there's like an inconsistency between saying on the one hand you've made your prima facie case On causation, but on the other hand, we're not finding much evidence of motivation I am saying that your honor and I'm saying that the judge But isn't that sort of implied by the isn't that implicit not implicit intrinsic to the car factors? You're not arguing that we should not apply the car factors. Are you no, I'm not Apply the car factors, but don't the fart car factors sort of specifically Say that even having found causation there should now be a separate inquiry into the likelihood that this was the motivation And I'm saying that the car inquiry independently is Fully met. Okay, don't at all carry their bar at Burton on car factor 3 their evidence is Completely Insufficient when it comes to Documentation when it comes to the accounts they supposedly relied on when it comes to the inconsistency in their disciplinary action when it comes to their denial of any motivating Factor on man's part to their complete denial of any Knowledge of past history of misconduct on his part on past history of mendacity on his part and there is a credibility finding from a judge when he says that Dr. Mann does not Seriously rebut the testimony. There are strong testimony of a unique meeting well the second thing to man the entire department and man doesn't remember what happened and There's credible testimony to the judge credits. They were an exhaustive list of Problems with his department that Combination of reflections on him personally on the way he runs his his office, which is a danger reckless to Veterans that's the number two of the apartment That's gotta be a Motivating factor and the fact that he can smile through it Should not allow this court to allow any sociopath that walks in To go free on motivation. I see my time is up your honor if you have any further questions We don't but you have time in rebuttal. Thank you. Thank you. Yeah All right, mr. Yale I Think your honor and please the court like the first address our factor one So as your honors were we're pointing to the government here the VA relied heavily on this investigation report The investigation report who was done by dr. Foley who there's been no allegation that he was biased There was this intervening event, which was incident in the parking lot There were allegations of so is dr. Fuller's report the best evidence of the reason for her termination Yes, your honor. We think it's the investigation report. It is central to the basis for the termination Obviously in this case petitioners argued that there was not a Finding that there was a hostile work environment, right? But if you actually when you review the report, there are also negative findings about well There are positive findings about dr. Weber as well that aren't reflected in the at least in the board's consideration well Respectfully, I think that the board considered all of the findings because the board is incorporating the entire report And so for example the board did point out that findings unhelpful to the government for the government's case for example that miss cook was emotionally reactive That the hostile work environment Claim was not Substantiated but but there are also findings within that report that are certainly negative It's stated that there are instances of quote unprofessional conduct By both miss cook and dr. Weber and the conclusion of the report as well is that Dr. Weber who's a supervisor? Cannot even work in the lines of authority with the subordinate and we're talking about during this initial probationary period we already have a situation where there's a Identified in the report and so we think that based upon that independent report that that's sufficient to for for The board to have found that the government met its burden by clear and convincing evidence now here as the appellate court You're obviously tasked with Determining whether or not there's substantial evidence for that for those findings didn't the board Rely on the fact that dr. Weber was in her probationary period During which the agency may evaluate her overall performance and whether or not she was a proper fit Was the language the board used in the language you use in your? briefing That's correct your honor and now the fitness, I mean that's coming from the probationary regulations that's coming from Testimony that He was the removal during the probationary period was not just solely based upon this report Because the report was not commissioned to determine whether or not this employee should be removed or not It was commissioned for a different purpose, but when faced with this report it's certainly well within the agency's purview to Determine whether or not this supervisor should continue in Employment when this is this is the probationary period so dr. Mann certainly testified that based upon this report and other you know other conversations he had had that He made the determination that dr. Weber was not a proper fit Is that why she was terminated because she wasn't a proper fit? Well, I think it's it's a combination. I mean, I think it's a comp You know it's it's clearly at least in part based upon What has been deemed misconduct and so the report says? You know it specifically says instances of unprofessional conduct, but with respect to dr. Mann's testimony he certainly identified the fact that we have a supervisor who's clashing with subordinates also clashing with staff and The agency especially during this probationary period is well within its rights to determine whether or not Supervisor is the proper fit And when you look at this the report that we're talking about I mean this is this is an intervening Incident that has nothing to do with You know these these disclosures that have been highlighted for example with respect to the town hall meeting or the later Meeting with with with mr.. Blackburn. It almost sounds like I'm listening to your argument that individuals who are on Who are still within the probationary? period are not protected from retaliation for any protected activity they may engage in because The agency could just say well not a proper fit, and that's very difficult to challenge Respectfully that's that's not what we're saying. That's good Just to make it perfectly clear Although the employee in the probationary period does not have certain due process rights if for example the agency Violates the law they violate the whistleblower Protection Act they violate you Sarah I mean that you know that those have to be analyzed based upon the framework But what we are saying here Is that you have you certainly have to look at the strength of the evidence under car factor one and part of the part? of the evidence there is That this is the probationary period and that Fit something like fitness to be a supervisor that that is something that is addressed By by the agency in that probationary period and so that comes into play with respect to car factor one now the ultimate standard has to be and has Set by statute that there has to be clear and convincing evidence the agency would have taken the same Personnel action in the absence of the protected disclosures, so you we certainly agree with the overall standard here But with with respect to car factor one we submit that the probationary period is a factor to be considered But again as dr. Mann testified a lot of this a lot of the basis here is this independent investigation report counsel can I redirect you from car factor one to car factor three Yeah, and with With respect to that factor what what did The VA do to meet its burden under car factor three What's what specifically did they do respectfully we don't think that that's in the record You know I don't think that there was testimony at least that there were For example discovery requests or anything along those but don't you and that maybe that there may be nothing in the record on That point so I'm trying to figure out how this works Would you have in the burden of proof and is nothing in the record good for you or bad for you if you have the? Burden of proof it would seem to be bad if it's you know if so that's what I'm trying to get at I understand your question if you look at the Federal Circuit precedent that has directly addressed this question if we're looking at cases like car itself Whitmore What the Federal Circuit has held is that if there's no evidence on? car factor three it can't favor the government, but it can certainly be a wash in with setting aside the Personnel action, which is the reassignment, which I don't think is necessarily central here, but with respect to the removal itself Here the board found that there was no evidence of comparators here, and so therefore it was a wash But that but that gives you I mean in if any other case if you have the burden of proof And you don't produce evidence Yes, you lose So I'm and I don't think you lose the case, but you at least necessarily but at least for car factor three How can that cut in favor and and and you may come with nothing says you have to get all three? I don't think we look at all that all the three factors in the side, but on that factor alone Doesn't the fact that you know you apparently didn't not you personally, but the VA didn't put in evidence on that issue Doesn't that cut against the government on car factor three Respectfully your honor. We don't think it cuts against the government based on the Federal Circuit precedent, but also I think part of I Think part just to take a step back when you're looking at the car factors You know the overall standard is clear and convincing evidence to take the same action, but the car factors are essentially guideposts so the agency does not have You know the agency is not under a burden Each and every car factor by clear and convincing evidence So the car factor three was really established and really identified Initially by the board and then accepted by car for the situation where there there may be strong for example This is just a hypothetical strong evidence under car factor one and No evidence of motivation but then when you look at it for example if you had somebody who was being charged with misconduct or falsifying timesheets or something on lines So there may be a lot of evidence with respect to car factor one But then it turns out there's also evidence and the agency You know either it was pointed out by the petitioner the agency have the evidence that there were 50 employees and 49 of them You know had Did not receive any discipline there And so that's really what car factor three is getting at when you have similarly situated individuals Who who were not treated the same when they were not whistleblowers and here? There's there's there's really no evidence here in the record certainly not pointed to by By petitioner that there are similarly situated Individuals in the opening brief Acknowledges that it would be a quote stretch for either dr. Mann or miss cook to be deemed Comparators and that's certainly supported by the record because for example miss cook. She's not a probationary employee She was not Alleged to have committed a hostile work environment Similarly with respect to dr. Mann, I mean he's a higher. He's a higher level supervisor And he's not he's not a probationary employee so the record just doesn't reflect that there's any Evidence there, and if there's no evidence there it shouldn't cut again Agency it should just be a wash because what that's really getting at is the situation where there are these other Individuals who are not being similarly situated similarly treated and that evidence is available Can I ask you a question about um that's? I'm sorry, did you I want to make it did you finish answering judge caught up on this question? Oh? Great, I'm sorry. I just want to know I just want to make sure I wasn't cutting anyone off um So I understand what you're saying about comparators and about car factor three, but I do want to go back to Miss cook and and and I take part of your colleagues argument to be look what you have is this Foley report that basically finds sort of And I'll call it like a toxic workplace Dispute between two people who are both at least a little bit at fault and what it recommends is look these two people can't work Together anymore. They're both behaving unprofessionally, and you need to separate them And so I take part of their argument to be and then you fire one of them and not the other and So there has to be something going on here besides just the incident and the Foley report And we think that's something is the disclosures What what is your answer to sort of well? What is the something that distinguishes the two why how do we explain the differential treatment of these two women? Well, I think even under car factor three the a big differentiation here is that Dr.. Weber was a supervisor and supervisors are held to a higher standard I mean, and that's I mean that's littered throughout MSPB case law both at certainly at the federal circuit And that makes sense the supervisors are held to a higher standard That just on its face differentiates Okay, so it's not the probationary period because that could also I could also imagine the argument being look two people can't get along We're gonna have to let one of them go. I guess it's the one on her probationary period Well, I mean, I think the probationary period we've obviously identified that that's a factor in what was going on I do think and I'd have to sort of refresh my recollection on it miss cook had also not been I don't think she was in her probationary period, but she also had not been around for a for a long period of time But what we're talking about here is is the personal action with respect to this supervisor? and you know during that probationary period should she continue to be Supervising individual and the record is somewhat thin on issues There may have been with dr. Weber before but there there is Some indication isn't there that there were? issues percolating with her early on prior to and I know it's still close in time, but prior to her alleged protected activity that's correct your honor and Michelle cook testified to that there are also notes Within the record You know for example Michelle cook at appendix 1183 was Discussing issues with another doctor that that dr. Weber had Appendix 1191 clashing with with other program managers, so that was that was in the period Certainly, we're not you know we haven't asserted that there was a Large-volume of notes or something in the record with respect to Those those particular interactions, but one point on that is during that probationary period There's not you know it's not the same for example if this if it was outside the probationary period Managers would have to you know if they're going to remove somebody for performance You'd often have to put them on a performance plan and document that and there's a lot of steps that need to be taken and so we think the record is is Reflective of the fact that it had not it was not during that particular period of time You you are not appealing are you the the board's finding that the prima facie case was established and in particular that There's a prima facie case of contributing factor causation here And if there's I think we've addressed sort of the points from That I wanted wanted to address if there's any further questions Otherwise we would ask that the court affirm All right, thank you Mr. Day you have a couple minutes reserved for rebuttal. Thank you very much your honor. I have three points in particular one is Christian and cook as documents in the fully report she was not merely Reactive in quotes toward veterans. She was abusive to Veterans returned from combat with PTSD and therapy sessions the VA takes patient abuse very very seriously as they should and yet Christian cook was not fired She was not suspended. She was not reprimanded. She was not counseled She was merely moved to another position in which she was not having contact with veterans That is a massive difference number two Dr. Weber she's brought in to deal with a department that Very least had severe problems. If not being crisis She described all kinds of issues with unlicensed providers, but not enough providers She was there to reform that place. There's always going to be some friction Between a supervisor who comes in to bring change and employees and in particular Employees like Christian cook or not just reactive who are massively incompetent and yet dr Weber the record shows in dr. Weber's perspective at least that she was trying to help Christian cook as well as ensure good clinical care Finally, dr. Weber Was only quote not a good fit At least over any action the VA took until after that town hall meeting when she pops up and Addresses the secretary about problems and then talks to the second in charge the VA afterwards with the deciding officials knowledge I see I'm out of time your honor if there are any further questions. I'm happy to address them. Otherwise All right, we we thank you both for your arguments in this Interesting case
judges: Stephanie D. Thacker, Pamela A. Harris, A. Marvin Quattlebaum Jr.